RALPH R. RIOS, ESQ. 80585
**EL MONTE LAW GROUP**
A Professional Law Corporation
11100 Valley Blvd. Ste. 115
El Monte, CA 91731
Telephone: (626) 406-1032
Facsimile: (626) 522-8520

Attorney for Plaintiff,
Gabriel Jennings

# UNITED STATES DISTRICT COURT

## DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL JENNINGS | Case No: |
| Plaintiff | COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS DEPRIVATIONS UNDER 42 U.S.C. § 1983 AND SUPPLEMENTAL STATE-LAW CLAIMS |
| v. | |
| COUNTY OF RIVERSIDE, RIVERSIDE SHERIFF'S DEPARTMENT, CHAD BIANCO, in his individual and official capacity, DEPUTY PENA, DEPUTY PADILLA and DEPUTY KIM and DOES 4-10, inclusive, | DEMAND FOR JURY TRIAL |
| Defendants | |

## JURISDICTION AND VENUE

1. This case arises under 42 U.S.C. § 1983, Fourth Amendment to the United States Constitution, and various state-law governmental tort statutes. Jurisdiction in this Honorable Court is conferred by 28 U.S.C. §§ 1331 and 1343. Plaintiff's State-law claims are within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391, as the underlying acts, omissions, events injuries and related facts upon which the present action are based, occurred in the County of Riverside, State of California.

## PARTIES

3. Plaintiff GABRIEL JENNINGS is an adult qualified to bring suit on his own behalf.

4. Defendant COUNTY OF RIVERSIDE ("COUNTY") is a governmental entity organized and existing under the laws of the State of California. Defendant COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT ("RCSD") is a public agency subject to suit. In this case, the COUNTY and the RCSD acted through agents, employers, and servants, including their policymakers and through Defendant Sheriff CHAD BIANCO ("BIANCO"), the Sheriff of the RCSD, who is sued herein in his individual capacity only.

5. At all times, Defendants COUNTY AND RCSD, and each of them, possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the RCSD, including those individuals charged with protecting the health and safety of detainees and arrestees at COUNTY detention facilities, including plaintiff GABRIEL JENNINGS and to assume that said actions, policies, rules, regulations, practices and procedures of the RCSD and its employees and agents comply with the laws and constitution of the United States and of the State of California.

6. At all times mentioned herein. Defendants BIANCO, PENA, PADILLA, KIM and DOES 4 through 10, inclusive, were residents within the County of Riverside, State of California.

7. Plaintiff informed and believes, thereupon alleges, that at all times mentioned herein Defendants BIANCO, PENA, PADILLA, KIM and DOES 4 through 10, inclusive, were employees, agents and/or servants of the COUNTY, acted within the course and scope of said employment, agency and/or service, and possessed the power and authority and were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the COUNTY detention facilities, including the RIVERSIDE COMMUNITY HOSPITAL DETENTION FLOOR, and concerning the means by which the life and safety of arrestees and detainees were to be secured, inmates that are to be seen medically.

8. Plaintiff is ignorant of the true names and capacities Defendants sued herein as DOES 4 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed, believes and alleges, that each of the fictitiously names defendants, is legally responsible, intentionally, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries, damages, and violations and/or deprivation of rights hereinafter alleged. Plaintiff will seek leave of Court to amend this complaint and state the true names and/or

capacities of said fictitiously named defendants when the same have been ascertained.

9. The reason why plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES, inclusive, is that same gave been unascertainable as of the date filing of this complaint, as many of these DOES may be RCSD deputies, sergeants, captains, lieutenants, commanders, deputy chiefs, and/or civilian employee agents, policy makers and representatives of defendant COUNTY and others, and as such many of their records are protected by state statute and can only reasonably be ascertained through the discovery process.

10. The individual defendants were at all times mentioned herein duly appointed, qualified and acting officers of the RCSD, acting within the course and scope of such employment with the COUNTY and under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of California and of the County of Riverside.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Pursuant to Government Code § 910, plaintiffs presented to defendant County of Riverside appropriate claims for damages. Either the claims were denied or more than 45 days have elapsed since the filing of the claims. This action was filed timely.

## FACTS

On April 25, 2023, Plaintiff Jennings was in custody of the Riverside County Sheriffs Department and was temporarily housed at the Riverside Community Hospital Safety cell #12.

Plaintiff was assaulted by Deputies Pena; Padilla; Kim while in the care of the Riverside County Sheriff Department. Plaintiff was severely beaten with orthopedic damages including broken ribs ; contusions and broken teeth and laceration and head injuries.

**A. General Allegations re Policy and Practice**

12. Defendants COUNTY and RCSD, with deliberate indifference, gross negligence, and reckless disregard to the safety, security and constitutional ans statutory rights of plaintiff and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies or practices of, among other things:

    a. Failing to adequately discipline deputies or civilian employees involved in misconduct; and

    b. Condoning and encouraging deputies and civilian employees in the belief that

they can violate the rights of persons such as the plaintiff in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

      c. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that defendants COUNTY and RCSD ordered, authorized, acquiesced in, tolerated, or permitted other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices and customs set forth in the proceeding paragraphs. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security and constitutional statutory rights of Plaintiff.

## DAMAGES

      15. As a direct and proximate result of the deliberately indifferent and wrongful conduct of defendants herein, plaintiff has suffered and continues to suffer injury, damage and loss including, but not limited to:

      (a)    Severe emotional distress;
      (b)    Impairment of earning capacity;
      (c)    Medical Expenses, past and future;
      (d)    Pain and suffering;
      (e)    Brain damage; and orthopedic damages.
      (f)    Loss of enjoyment of life,

resulting in Plaintiff's economic and non-economic damage in amounts to be proven at the time of trial.

      16. The wrongful acts of the individually named defendants and doe defendants excluding defendants COUNTY and RCSD, were willful, oppressive, intentional and malicious; therefore, punitive damages should be assessed against defendants in an amount deemed sufficient to punish and deter defendants and others in similar positions of authority from engaging in similar conduct in the future.

      17. Pursuant to 42 U.S.C. section 1988(b), plaintiff is entitled to recover his reasonable attorney fees incurred herein.

///

///

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### FOR MONETARY RELIEF UNDER 42 U.S.C. § 1983
### COUNTY OF RIVERSIDE, RIVERSIDE SHERIFF'S DEPARTMENT, CHAD BIANCO, in his individual and official capacity DEPUTY PENA, DEPUTY PADILLA, and DEPUTY KIM and DOES 4-10, inclusive

Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

23. By actions and omissions described above, all DEFENDANTS, violated 42 U.S.C. 1983 depriving PLAINTIFF GABRIEL JENNINGS, of the following clearly established nd well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution.

    a. Decedent's right to be free from deliberate indifference to PLAINTIFF JENNINGS medical needs while in custody as a pretrial detainee as secured by the Fourth and or Fourteenth Amendments.

24. Additionally, by the action and omissions leading up to PLAINTIFF JENNINGS admission into the hospital jail detention described above, DEFENDANTS violated 42 U.S.C. 1983, depriving PLAINTIFF JENNINGS, through his Plaintiff herein of the following clearly establish and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution.

### SECOND CAUSE OF ACTION
### (Fourth Amendment-Excessive Force Under 42 U.S.C. §1983)

Plaintiff against Defendants **DEPUTY PENA, DEPUTY PADILLA, and DEPUTY KIM and DOES 4-10, inclusive**

Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

25. The plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that the PLAINTIFFS were unlawfully subjected to an unlawful seizure and excessive and unreasonable force by Defendants **DEPUTY PENA, DEPUTY PADILLA, and DEPUTY KIM and DOES 4-10, inclusive** who were County of Riverside Sheriff's Deputies (SCENE DEFENDANTS).

26. The excessive force the plaintiff were subjected to was effected by said defendants without authority of law and without any reasonable necessity to use any force, much less the seizure of plaintiffs and the resulting excessive force that they employed and the force employed was used without legal justification, without plaintiffs' consent, with malice

5

and with an intent to inflict pain and suffering and to violate plaintiff's constitutional rights.

27. As a direct result of the SCENE DEFENDANTS' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, more particularly plaintiffs' right to be free from unlawful seizures and the use of excessive and unreasonable force.

28. That by reason of the unlawful seizure and the use of excessive and unreasonable force, the plaintiff was harmed physically, receiving serious injuries throughout his body.

29. That all the defendant officers who were present and who failed to intervene to prevent either the initial or subsequent assault on plaintiff by defendants RCSD deputies identified as DOES 4-10, are liable to the plaintiff via their failure to intervene to prevent the preventable harms and violations of plaintiffs rights committed in their presence.

30. Plaintiff is entitled to an award of punitive damages, and that an award of Attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### THIRD CAUSE OF ACTION
### FAILURE TO TRAIN AND SUPERVISE (42 U.S.C.§ 1983)
### BY PLAINTIFF AGAINST DEFENDANTS COUNTY OF RIVERSIDE, RIVERSIDE SHERIFF'S DEPARTMENT, CHAD BIANCO, in his individual and official capacity

31. Plaintiff realleges and incorporate all of the allegations and statements set forth herein.

32. At all times mentioned herein and prior thereto, defendants County, RCSD, BLANCO and certain DOES had a duty to train, instruct, supervise and discipline their subordinates to assure they respected and did not violate the constitutional and statutory rights of inmates, and to objectively investigate violations of said prisoners' rights, including, but not limited to, the right to be free of infliction and cruel and unusual punishment by torture and the right to be safe and protected from injury while in defendants' custody, under the Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution.

33. Plaintiffs are informed and believe, and thereupon allege, that prior to the incident alleged herein, defendants BIANCO and certain DOES facilitated, permitted, ratified and condoned similar acts of deputy on inmate assaults, and were deliberately indifferent to the health and safety of inmates in general and plaintiff in particular. Said defendants knew or should

6

have reasonably known, of this practice, pattern or policy of constitutional violations, and additionally, of the existence of facts and situations which created the potential of unconstitutional acts, and had a duty to instruct, train, supervise and discipline their subordinates to prevent similar acts to other persons, but failed to do so.

34. As a result thereof, plaintiff rights under the Fourth and Fourteenth Amendments to the U.S. Constitution were violated. As a further result thereof, plaintiff sustained the injuries and damages alleged herein.

35. The conduct of the individual defendants mentioned herein, in their individual capacities, was intentional, malicious, willful, wanton and in reckless disregard of Plaintiff's constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive to a civilized society, so as to justify the imposition of punitive damages on these Defendants in their individual capacity.

**FIFTH CAUSE OF ACTION**
**NEGLIGENCE (CAL. GOVT CODE § 815.2.6(d) BY PLAINTIFF**
**(COUNTY OF RIVERSIDE, RIVERSIDE SHERIFF'S DEPARTMENT, CHAD BIANCO, in his individual and official capacity DEPUTY PENA, DEPUTY PADILLA, and DEPUTY KIM and DOES 4-10, inclusive**

36. Plaintiff realleges and incorporate all of the allegations and statements set forth herein.

37. On or about July 5, 2019, plaintiff, while in defendants' custody, was savagely attacked and beaten by another inmate, and sustained severe physical injuries.

38. RCSD deputies and/or supervisors, all individual DOE defendants herein, agents, servants and/or employees of COUNTY and within the course and scope of such agency, service and/or employment, and under color of authority, were negligent in regards to plaintiff's health, safety and welfare, and breached that duty of care.

**SIXTH CAUSE OF ACTION**
**(Cal. Civ. Code § 52.1)**
**(COUNTY OF RIVERSIDE, RIVERSIDE SHERIFF'S DEPARTMENT, CHAD BIANCO, in his individual and official capacity DEPUTY PENA, DEPUTY PADILLA, and DEPUTY KIM and DOES 4-10, inclusive,)**

39. The United States Constitution, Amendment IV, and the Cal. Const. Art. I § 13 guarantees the right of persons to be free from excessive force and free from inmate on inmate violence while in custody. Defendants, by engaging in the wrongful conduct alleged herein, denied this right to the plaintiff, thus giving rise to this claim for damages pursuant to Cal. Civ. Code § 52.1.

40. As a direct and proximate result of the aforementioned acts of defendants, plaintiff was injured as set forth above, and is entitled to statutory damages under Cal. Civ. Code § 52, as well as compensatory and punitive damages according to proof.

41. In doing the foregoing wrongful acts, the individual and doe defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against the individual defendants (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

## PRAYER

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. General and compensatory damages in an amount according to proof;
2. Special damages in an amount according to proof;
3. Statutory damages;
4. Exemplary and punitive damages against each individual and doe defendant, not against the public entities, according to proof;
5. Costs of suit, including attorneys' fees; and,
6. Such other relief as may be warranted or as is just and proper.

Dated: March 25, 2024            El Monte Law Group
                                 Attorneys for Plaintiff

                                 _____
                                 By Ralph R. Rios

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all causes of action.

Dated: March 25, 2024

Ralph R. Rios
Attorney for Plaintiff

_____
By Ralph R. Rios

9